**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | | |
|---|---|---|
| **GEORGIOS KAPOUDAS,** | * | |
| **Plaintiff** | * | |
| v. | * | **Civil Action No. 1:13-cv-1880** |
| **PREMIER RECOVERY GROUP, INC.** | * | |
| **and JOEY YOUNGER,** | | |
| | * | |
| **Defendants** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes GEORGIOS KAPOUDAS, ("Plaintiff"), by and through his attorneys, E. David Hoskins, Max F. Brauer and The Law Offices of E. David Hoskins, LLC, and for his Complaint against Defendants, PREMIER RECOVERY GROUP, INC. ("PREMIER") and JOEY YOUNGER ("YOUNGER") alleges and states as follows:

## INTRODUCTION

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer

1

Protection Act, Md. Code Ann., Com. Law, § 13-101, *et seq.* (hereinafter "MCPA").

2.      Plaintiff GEORGIOS KAPOUDAS alleges that the collection practices of PREMIER and YOUNGER violate the FDCPA, MCDCA and MCPA.

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b).

4.      Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

5.      The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and

establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6.      The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

7.      The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp.2d

808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

8. To prohibit abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." In addition, the FDCPA at 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

9. The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204. Specifically, the MCDCA states that a "person collecting or attempting to collect an alleged debt arising out of a consumer transaction," *id*. § 14–201(b), may not "contact a person's employer with respect to a delinquent indebtedness before obtaining final judgment against the debtor" and may not "disclose or threaten to disclose to a person other than the debtor . . . information which affects the debtor's reputation . . . with knowledge that the other person does not have a legitimate business need for the information." *Id*. § 14–202(4) - (5).

10.     The Maryland Consumer Protection Act ("MCPA") prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law § 13–301, and expressly designates as "unfair or deceptive trade practices" those that constitute any violation of the MCDCA. *Id.* § 13–301(14)(iii).

## II. <u>JURISDICTION AND VENUE</u>

11.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

12.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

13.     Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts that give rise to the claim occurred within this District.

## III. <u>PARTIES</u>

14.     Plaintiff, GEORGIOS KAPOUDAS, is a natural person residing in the Baltimore City in the State of Maryland and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) in that Defendants sought to collect from Plaintiff an alleged debt incurred for non-business purposes. Plaintiff is a "person" as that term is defined by the MCDCA and the MCPA.

15.     Defendant, PREMIER is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as

that term is defined by 15 U.S.C. §1692a(6). PREMIER is a debt collector engaged in the business of collecting debts alleged to be due another in the State of Maryland and, in violation of the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7-101, *et seq.,* does not maintain an active collection agency license with the State of Maryland, Department of Labor, Licensing and Regulation.

16.     Upon information and belief, Defendant YOUNGER is a resident of the State of New York.

17.     At all relevant times Defendants PREMIER and YOUNGER acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA by regularly attempting to collect debts alleged to be due another.

18.     At all relevant times Defendants acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

19.     The acts of the Defendant PREMIER, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

20.     Upon information and belief, Defendant YOUNGER is the owner, president, Chief Executive Officer, vice president, manager and/or agent for

service of Defendant PREMIER.

21.    Upon information and belief, the acts of Defendant PREMIER came at the direction of Defendant YOUNGER.

22.    Upon information and belief, Defendant YOUNGER had knowledge of Defendant PREMIER's conduct.

23.    Upon information and belief, Defendant YOUNGER exercised control, dominated over, and was the alter ego of the affairs of Defendant PREMIER.

24.    Upon information and belief, Defendant YOUNGER was the moving, active, conscious force behind Defendant PREMIER's acts alleged herein.

25.    Upon information and belief, Defendant YOUNGER authorized, approved, and took part in the acts of Defendant PREMIER, alleged herein.

26.    At all times relevant herein, Defendants have used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

27.    All references to "Defendants" herein shall mean the Defendants or an employee of the Defendants.

## IV. <u>FACTUAL ALLEGATIONS</u>

28.     Plaintiff incurred a loan debt to CashNetUSA. This debt will be referred to as "the subject debt."

29.     The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

30.     The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

31.     Upon information and belief, Plaintiff thereafter defaulted on the subject debt.

32.     Upon information and belief, Defendants were employed by the original or subsequent creditor to collect on the subject debt.

33.     On January 9, 2013, Defendants called the Plaintiff at his place of employment and left a recorded message on his employer's voice mail system. This resulted in the Plaintiff's supervisor informing the Plaintiff that he was not to receive messages on the system that were not work related. The recorded message failed to provide the mandatory disclosure required by 15 U.S.C. §1692e(11).

34.   At no time prior to January 9, 2013, had Plaintiff provided Defendants with prior consent given directly to the Defendants allowing the Defendants to communicate with any person other than the Plaintiff in connection with the collection of the subject debt.

35.   On January 10, 2013, at 9:50 A.M., Plaintiff telephoned PREMIER at (866) 364-6516, and spoke with a debt collector who identified herself as Melissa Musha. Plaintiff advised the debt collector that Defendants were calling the Plaintiff at a work number and that Plaintiff was not allowed to accept such calls at work and to immediately cease making further calls to the Plaintiff at his work phone number.

36.   The Defendants' debt collector responded rudely and threatened that unless the Plaintiff made an arrangement to repay the subject debt, the Defendants would continue to call the Plaintiff at work.

37.   On January 18, 2013, Defendants carried out the threatened course of action, notwithstanding the fact that Defendants had actual knowledge that they were calling the Plaintiff's place of employment. On that date, at approximately 3:06 P.M. Defendants again called the Plaintiff's place of work and left a recorded message on the office voice mail system identifying the Plaintiff by name and asking for a return call. The message failed to provide the mandatory

disclosure required by 15 U.S.C. §1692e(11).

38.     Defendants placed another call to the Plaintiff at his place of employment on January 18, 2013, at 5:33 P.M., but did not leave a message.

39.     Defendants placed another call to the Plaintiff at his place of employment on February 1, 2013, at 2:00 P.M. and left a recorded message on the office voice mail system. The message failed to provide the mandatory disclosure required by 15 U.S.C. §1692e(11). One of Plaintiff's co-workers received the message from the voice mail system and gave Plaintiff a message to return the call.

40.     Defendants placed another call to the Plaintiff on February 15, 2013, at 3:30 P.M. The recorded message failed to provide the mandatory disclosure required by 15 U.S.C. §1692e(11).

41.     On February 18, 2013, at 1:44 P.M., Plaintiff again called the Defendants and again explained that the Plaintiff was not allowed to receive such calls at work and again asked the Defendants to stop calling the Plaintiff at work.

42.     Notwithstanding this request, Defendants again called him on March 6, 2013, at around 10:00 A.M., and left a recorded message on the office voice mail system. The message failed to provide the mandatory disclosure required by 15 U.S.C. §1592e(11). One of Plaintiff's co-workers received the message from the

voice mail system and gave Plaintiff a message to return the call.

43.     Defendants left each of these recorded messages on the voice mail of the Plaintiff's place of employment with actual knowledge that these messages would result in a disclosure of information that affects the Plaintiff's reputation to a person other than the Plaintiff or his spouse and with actual knowledge that these persons did not have a legitimate business need for the information.

44.     Defendants contacted the Plaintiff's employer with respect to an alleged delinquent indebtedness before obtaining a final judgment against the Plaintiff.

45.     Plaintiff has never received the required 30-day validation notice as is required by 15 U.S.C. §1692g.

46.     As a result of Defendants' acts, Plaintiff became nervous, upset, and anxious. Plaintiff suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation.

## COUNT I

### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, *et. seq.*

47.     Plaintiff GEORGIOS KAPOUDAS incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

11

48.     Defendants materially violated § 1692c(a)(1); 1692c(a)(3) and 1692c(b) of the FDCPA by communicating, without the prior consent of the consumer given directly to the debt collector, in connection with the collection of a debt, with Plaintiff's supervisor and other co-workers at the Plaintiff's place of employment. These calls continued after the Plaintiff had explained to the Defendant that the Plaintiff was not allowed to receive such calls at work.

49.     Defendants materially violated § 1692e(5) and 1692f(1) of the FDCPA by attempting to collect consumer debts in Maryland despite failing to maintain a Maryland collection agency license despite being required to do so by the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7-101, *et seq*. Without obtaining this license, Defendants were not permitted by law to attempt to collect the debt from the Plaintiff.

50.     Defendants materially violated § 1692e(11) of the FDCPA in their initial oral communication with the Plaintiff, by failing to disclose that the Defendants were attempting to collect a debt and that any information obtained will be used for that purpose.

51.     Defendants materially violated § 1692e(11) of the FDCPA, in their subsequent communications with the Plaintiff, by failing to disclose that their communications were from a debt collector.

12

52.     Defendants materially violated § 1692g of the FDCPA by failing to provide the Plaintiff with the 30-day validation notice as is required by 15 U.S.C. §1692g.

53.     As a direct consequence of the acts, practices and conduct of Defendants, Plaintiff became nervous, upset, and anxious. Plaintiff suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation.

## COUNT II

### Violation of the Maryland Consumer Debt Collection Act
### Md. Code Ann., Com. Law, § 14-201, *et seq.*

54.     Plaintiff GEORGIOS KAPOUDAS incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

55.     The subject debt was a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

56.     Defendants violated § 14-202(8) of the MCDCA by attempting to collect consumer debts in Maryland despite failing to maintain a Maryland collection agency license despite being required to do so by the Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7-101, *et*

*seq,.*

57.     Defendants violated § 14-202(4) of the MCDCA Defendants contacted the Plaintiff's employer with respect to an alleged delinquent indebtedness before obtaining a final judgment against the Plaintiff.

58.     Defendants violated § 14-202(5) of the MCDCA by leaving each of these recorded messages on the voice mail of the Plaintiff's place of employment with actual knowledge that these messages would result in a disclosure of information that affects the Plaintiff's reputation to a person other than the Plaintiff or his spouse and with actual knowledge that these persons did not have a legitimate business need for the information.

59.     Defendants violated § 14-202(6) of the MCDCA by communicating with the Plaintiff at the Plaintiff's place of employment with actual knowledge that the Plaintiff was not allowed to receive personal calls at that location and with the actual intent of harassing the Plaintiff into paying the subject debt.

60.     As a direct consequence of the acts, practices and conduct of Defendants, Plaintiff became nervous, upset, and anxious. Plaintiff suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation.

## COUNT III

### Violation of the Maryland Consumer Protection Act
### Md. Code Ann., Com. Law, § 13-101, *et seq.*

61.    Plaintiff GEORGIOS KAPOUDAS incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

62.    Plaintiff is a consumer as defined by the MCPA, Md. Code Ann., Com. L. § 13-101(c).

63.    Section 13-303(1) of the MCPA prohibits unfair or deceptive trade practices in the sale of consumer goods and the extension of consumer credit.

64.    Under § 13-301(14)(iii) of the MCPA, unfair or deceptive trade practices also include any violation of the MCDCA.

65.    As a direct consequence of the acts, practices and conduct of Defendants, Plaintiff became nervous, upset, and anxious. Plaintiff suffered and continues to suffer from inconvenience, emotional distress, loss of sleep, embarrassment and humiliation.

WHEREFORE, Plaintiff, GEORGIOS KAPOUDAS, respectfully prays for a judgment against PREMIER RECOVERY GROUP, INC. and JOEY YOUNGER as follows:

   a.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code.

Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408 in an amount to be proven at trial;

      b.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.    Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

      d.    For such other and further relief as may be just and proper.

## JURY DEMAND

GEORGIOS KAPOUDAS hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorney's fees and litigation costs to be awarded should GEORGIOS KAPOUDAS prevail on any of his claims in this action.

Dated: June 27, 2013      Respectfully Submitted,


      _/s/ E. David Hoskins_____
      E. David Hoskins, Esq., No. 06705
      THE LAW OFFICES OF E. DAVID HOSKINS, LLC
      Quadrangle Building at Cross Keys
      2 Hamill Road, Ste. 362
      Baltimore, Maryland 21210
      (410) 662-6500 (Tel.)

_/s/ Max F. Brauer_

Max F. Brauer, Esq., No. 30162

THE LAW OFFICES OF E. DAVID HOSKINS, LLC

Quadrangle Building at Cross Keys

2 Hamill Road, Ste. 362

Baltimore, Maryland 21210

(410) 662-6500 (Tel.)